WILLIAM H. DICKERSON and others, appellants,

*v.*

DANIEL DICKERSON, respondent.

The orphans court has jurisdiction, upon the application of the sureties of an habitual drunkard's guardian, to inquire into the solvency of their co-sureties, and, also, into the guardian's management of the estate ; and, after citation, to remove such guardian for failure to account, or for waste.

On appeal from decree of Morris orphans court.

*Mr. F. D. Smith* and *Mr. Jacob Vanatta,* for appellants.

*Mr. G. T. Werts,* for respondent.

THE ORDINARY.

William H. Dickerson and John J. Smith, two of the sureties on the bond of Daniel Dickerson, guardian of Stephen Dickerson, an habitual drunkard, applied to the orphans court of Morris county (the court by which the guardian was appointed) for relief. In their petition, they alleged that the guardian was not possessed of much property, and was in doubtful circumstances, and was not, as they believed, worth one-half of the amount ($20,000) of the penalty of the bond; and that, of the two other sureties, one was dead and the other in failing circumstances, if not entirely insolvent; that they had discovered that the guardian had mismanaged the estate and property; that he had sold, or suffered to be sold and taken away, since he had become guardian, at least $1,000 worth of wood from

Dickerson v. Dickerson.

the land of the estate, and had taken therefor a promissory note, which was uncollected, and, probably, uncollectible; that he had kept no full and true accounts of his receipts and expenditures, and that he had, in various other ways, wasted and mismanaged the estate, whereby they might become liable to loss or damage by reason of their surety-ship. They, therefore, prayed that he might be required to account and to give new sureties, and, in default thereof, might be directed to deliver over the estate to them, to be administered according to law, or that he might be displaced, and some other proper person appointed guardian in his stead. On the petition, the court cited the guardian, and, after hearing his testimony, and the testimony of others, by their decree, dismissed the petition, on the ground that they had no jurisdiction to act thereon. From that decree the petitioners appealed to this court.

The act " relative to habitual drunkards " (*Rev. p. 324* § 1), provides that the court of chancery may issue a commission in the nature of a writ *de lunatico inquirendo*, as heretofore practiced and allowed, and returnable thereto, to inquire into the habitual drunkenness of any person in this state, having real or personal estate therein; and, in case of habitual drunkenness found, by which the drunkard has become incapable of managing his estate, or is wasting it, the chancellor shall cause to be transmitted to the orphans court of the county where the drunkard resides, a certified copy of all the proceedings which may be had thereon, which shall be recorded and filed in the surrogate's office of the county; and, thereupon, the orphans court is directed and required, upon application for the purpose, to appoint a guardian or guardians of the drunkard, who shall have the same power over his estate and perform the same duties, and be subject to the same liabilities, as are conferred upon and required of the guardian of an idiot or lunatic by the act " concerning idiots and lunatics." By this provision, the legislature intended to place the estates of persons duly found to be habitual drunkards, under the like charge and

government as the estates of persons found to be idiots and lunatics. By the act " concerning idiots and lunatics (*Rev. p. 601*), the orphans court is to appoint the guardian of the idiot or lunatic, and the guardian is to render to the orphans court from which he received his appointment, once in three years, or oftener if required by that court, a true account of his administration, and he may be cited by the court to render such account (*Rev. pp. 604, 605* § *19*). The act also provides (§ 16) that the orphans court, when they shall know or have cause to suspect that the sureties of the guardian of an idiot or lunatic, or any of them, are or is in failing or dubious circumstances, may require the guardian, to give additional surety or sureties, and, if he neglects to do so, may displace him, and, on application, appoint another in his stead.

By the orphans court act (*Rev. p. 778* § *118*), it is provided that, whenever application shall be made to the orphans court by which letters testamentary or of administration or guardianship were issued, or to the president judge thereof, by petition, by or in behalf of any person interested in any estate in the hands of any executor, administrator, guardian or trustee, verified by affidavit, alleging that such executor, administrator, guardian or trustee has wasted, embezzled or misapplied the estate entrusted to him, the said court or judge, by an order, may compel discovery to be made of the condition of the estate by the production of books, papers and documents relating to the estate, or the examination of the executor, administrator, guardian or trustee and witnesses, and may take such proceedings for the protection of the estate, by order or decree, as may be taken in like cases in the court of chancery, and compel obedience to such order or decree by the same process and in the same manner as orders or decrees of the court of chancery are enforced.

By another section (§ 120), it is provided that the orphans court shall have power, where letters of administration or guardianship shall have been granted on insufficient

Dickerson *v.* Dickerson.

security, or the sureties on any administration or guardianship bond shall be or become in failing or dubious circumstances, or insufficient for the security of the estate, to order and direct such administrator or guardian to give such further or other security to the ordinary, by bonds, in the usual form, as the court, after hearing creditors or persons concerned, shall approve.

By the one hundred and twenty-third section, it is provided that, if the surety in any bond given by an administrator or guardian, for the execution of his office, shall believe that such administrator or guardian is wasting or mismanaging the estate, whereby the surety may become liable to loss or damage, the orphans court, on application of such surety, and on sufficient reason therefor, may order such administrator or guardian to render an account of his administration or guardianship to the surety, and, if it shall appear that he has embezzled, wasted, misapplied or mismanaged the estate, the court shall direct him to give separate security to his surety for the true payment of the balance remaining in his hands to creditors, representatives of the deceased, or the ward of the guardian, or persons entitled thereto.

It is very clear that the legislature designed not only to place the original appointment of guardians of the estates of persons found to be habitual drunkards under the jurisdiction of the orphans court, but to give to that court the necessary control over the' guardians appointed by them, to secure, so far as it might be done by the exercise of the powers conferred on the court to that end, fidelity in the discharge of their duties, and protection, not only to the estates committed to their hands, but to their sureties also. In the case in hand, two of the sureties, by their duly verified petition, complained to the orphans court by which the guardian was appointed, among other things, that one of the sureties was dead, and the other was in failing or dubious circumstances, if he was not indeed entirely insolvent.

Under the sixteenth section of the act concerning idiots and lunatics, and, also, under the one hundred and twentieth and one hundred and twenty-third sections of the orphans court act, the orphans court had jurisdiction of the matter, and, if they found that the complaint was well founded, had power to require the guardian to furnish additional surety or sureties, and, in case of his refusal or neglect, had power to displace him and appoint a new guardian in his stead. Again, under the nineteenth section of the former act, and the one hundred and eighteenth of the latter one, they had power to compel the guardian to account. Had he refused to account, or had it appeared on the accounting that he had wasted, embezzled or mismanaged the estate, they had power, under the one hundred and twenty-sixth section of the orphans court act, to remove him, and they had power, on removing him, to appoint another guardian in his place.

The decree of the orphans court will be reversed.